NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN R. DEMOS, | |
| Plaintiff, | Civil No. 05-5687 (WJM) |
| v. | |
| JOHN DOE, Chairman, Mars Inc., | OPINION |
| Defendant. | |

**APPEARANCES**:

    JOHN R. DEMOS, #287455, Plaintiff pro se
    Washington State Penitentiary
    1313 N. 13th Avenue
    Walla Walla, WA  99362

**MARTINI**, District Judge

    Plaintiff John R. Demos, an inmate who is confined at Washington State Penitentiary, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court will deny the application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), and direct the Clerk to close the file, without prejudice to Plaintiff's filing a paid Complaint.

## I.  BACKGROUND

    Plaintiff alleges that on June 10, 2005, he consumed M&M's, a product manufactured by Mars, Incorporated.  He asserts that his use of the product caused constipation, bleeding, loss of sleep, stress, and other suffering.  He seeks damages and other relief for breach of contract, consumer fraud, and on other legal grounds.

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), prohibits a prisoner from bringing a civil action in forma pauperis without prepayment of the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

This Court's docket shows that Plaintiff filed at least three prior actions, while he was incarcerated, that were dismissed as frivolous or for failure to state a claim.  See e.g., Demos v. Ryan, Civil. No. 00-921 order (D.N.J. Sept. 18, 2000) (failure to state a claim); Demos v. Warner-Lambert Co., Civil No. 94-5309 order (D.N.J. Aug. 28, 1995) (failure to state a claim); Demos v. Doe, Civil No. 94-4780 order (D.N.J. Sept. 30, 1994) (frivolous).  Thus, Plaintiff may not bring this Complaint without prepayment of the filing fee unless, at the time he filed the Complaint, he was under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (*en banc*).  Allegations of imminent danger must be construed liberally in his favor.  Gibbs v. Cross, 160 F.3d 962, 966 (3d Cir. 1998).

Even when liberally construed, Plaintiff's allegations do not indicate that he is in imminent danger of serious physical injury within the meaning of § 1915(g).  The Court will therefore deny his application to file the Complaint in forma pauperis and direct the Clerk to close the file, without prejudice to Plaintiff's filing a paid complaint.

## IV.  CONCLUSION

The Court denies Plaintiff's application to file the Complaint without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g) and directs the Clerk to close the file, without prejudice to Plaintiff's filing a paid complaint.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated:  March 27, 2006

3